**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALEMEWORK AMBELLU,** ) | |
| **27 46th Street, S.E.** ) | |
| **Washington, DC 20019** ) | |
| ) | |
| **ABEBAW YIGZAW,** ) | |
| **12421 New Hampshire Avenue** ) | |
| **Silver Spring, MD 20904** ) | |
| ) | |
| **ABEBECH MELESE,** ) | **Civil Action No.:  1:18-cv-02177** |
| **5225 Pooks Hill Road, Apt. 915N** ) | |
| **Bethesda, MD 20814** ) | |
| ) | |
| **ABEBECH ROBI,** ) | |
| **922 Emerson Street, N.W.** ) | |
| **Washington, DC 20011** ) | |
| ) | |
| **ABERA HAILE,** ) | |
| **916 Gibbons Street** ) | |
| **Alexandria, VA 22314** ) | |
| ) | |
| **ABRAHAM SHIFERAW,** ) | |
| **6040 14th Street, N.W., Apt. 221** ) | |
| **Washington, DC 20011** ) | |
| ) | |
| **ADANECH SOLOMON,** ) | |
| **1408 Nicholson Street** ) | |
| **Hyattsville, MD 20782** ) | |
| ) | |
| **AKELILE MITCHEL,** ) | |
| **9822 Hedin Drive** ) | |
| **Silver Spring, MD 20903** ) | |
| ) | |
| **ALEM YIMAN,** ) | |
| **14800 Hazelmoor Court, Apt. B-11** ) | |
| **Silver Spring, MD 20906** ) | |
| ) | |
| **ALEMESHET MULUNEH,** ) | |
| **25 E Wayne Avenue, Apt. 301** ) | |
| **Silver Spring, MD 20901** ) | |
| ) | |
| **ALMAZ MACO,** ) | |
| **7704 Down Court** ) | |
| **Laurel, MD 20707** ) | |

**AMARE TEKLE,**                                    )
**4723 Olympia Avenue**                             )
**Beltsville, MD 20705**                            )
                                                    )
**AYELECH GIRU,**                                   )
**11405 Woodington Terrace**                        )
**Potomac, MD 20854**                               )
                                                    )
**AYELEWORK AWOKE,**                                )
**9538 Lawnsberry Terrace**                         )
**Silver Spring, MD 20901**                         )
                                                    )
**AYEN ALEM BERHANU,**                              )
**649 Lamont Street, N.W.**                         )
**Washington, DC 20010**                            )
                                                    )
**AZMERA GEBREYESUS,**                              )
**2207 Bucknell Terrace**                           )
**Silver Spring, MD 20902**                         )
                                                    )
**BELAIE WOLDEMICHAELL,**                           )
**1933 Rosemary Hill Drive, Unit R3**               )
**Silver Spring, MD 20910**                         )
                                                    )
**BERHANU WOLDESEMAYAT**                            )
**8601 Manchester Road, Apt. # 322**                )
**Silver Spring, MD 20901**                         )
                                                    )
**BEYENECH DEMSSIE,**                               )
**735 Sligo Avenue, Apt. 110**                      )
**Silver Spring, MD 20910**                         )
                                                    )
**BEZUNESH TSEGAYE,**                               )
**5114 8th Street, N.W.**                      )
**Washington, DC 20011**                            )
                                                    )
**BIRTUKAN BESHA**                                  )
**4816 Briercrest Court**                           )
**Bowie, MD 20720**                                 )
                                                    )
**BIRTUKAN SENKE,**                                 )
**602 Thayer Avenue**                               )
**Silver Spring, MD 20910**                         )
                                                    )
**ELFENESH ADERA,**                                 )
**25 E Wayne Avenue, Apt. 213**                     )

Silver Spring, MD 20901                              )
                                                     )
**EMWEDISH BEKELE,**                                 )
**14313 Georgia Avenue, Apt. # 103**                 )
**Silver Spring, MD 20906**                          )
                                                     )
**ETAFERAHU YIRGA,**                                 )
**1400 Fenwick Lane, # 511**                         )
**Silver Spring, MD 20910**                          )
                                                     )
**ETHIOPIA GETE,**                                   )
**11437 Oak Leaf Drive**                             )
**Silver Spring, MD 20901**                          )
                                                     )
**ETHIOPIA TADDESE,**                                )
**12164 Sweet Clover Drive**                         )
**Silver Spring, MD 20904**                          )
                                                     )
**EYERUSALEM DAGNACHEW,**                             )
**353 Crescendo Way**                                )
**Silver Spring, MD 20901**                          )
                                                     )
**FANAYE G/KIDAN,**                                  )
**8902 Talbot Avenue**                               )
**Takoma Park, MD 20910**                            )
                                                     )
**FREHIWOT BEKELE,**                                 )
**12108 Benjamin Street**                            )
**Beltsville, MD 20705**                             )
                                                     )
**GETACHEW METAFERIA,**                              )
**10307 Royal Road**                                 )
**Silver Spring, MD 20903**                          )
                                                     )
**GIRMA AWLACHEW,**                                  )
**3059 Mozart Drive**                                )
**Silver Spring, MD 20904**                          )
                                                     )
**GIRMA TESEMA,**                                    )
**1111 University Boulevard, Apt. 1210**             )
**Silver Spring, MD 20902**                          )
                                                     )
**GREGORY BRAUER,**                                  )
**1945 Fieldstone Way**                              )
**Frederick, MD 21702**                              )
                                                     )

**HAILU GEBREYES,**                                                )
**12630 Veirs Mill Road, Apt. 212**                     )
**Rockville, MD 20853**                                          )
                                                                              )
**HAIMANOT AMARE,**                                        )
**12712 Robindale Drive**                                      )
**Rockville, MD 20853**                                          )
                                                                              )
**HAREGEWOIN KEFYALEW,**                            )
**1945 Fieldstone Way**                                         )
**Frederick, MD 21702**                                          )
                                                                              )
**HIRUT BABU ASHENAFI,**                               )
**1250 North Rolfe Street, Apt. 303**                    )
**Arlington, VA 22209**                                          )
                                                                              )
**KEFEY WOLE,**                                                  )
**301 Old Stone Road**                                         )
**Silver Spring, MD 20904**                                   )
                                                                              )
**KIBEBE W/YOHANNES,**                                  )
**6000 13th Street, N.W., Apt. 306**                       )
**Washington, DC 20011**                                     )
                                                                              )
**KONGITE TADESSE,**                                       )
**1111 University Boulevard, Apt. 1210**                )
**Silver Spring, MD 20902**                                   )
                                                                              )
**LOZA BEKELE,**                                                )
**2900 S. Glebe Road, Apt. # 110**                        )
**Arlington, VA 22206**                                          )
                                                                              )
**MARKOS ZELELEW,**                                       )
**1913 Featherwood Street**                                  )
**Silver Spring, MD 20904**                                   )
                                                                              )
**MEBRAT BULI,**                                                )
**203 Ritchie Parkway**                                         )
**Rockville, MD 20852**                                          )
                                                                              )
**MEDEMDEMIA BEKELE,**                                 )
**15208 Rockport Drive**                                       )
**Silver Spring, MD 20905**                                   )
                                                                              )
**MESERT BELAY,**                                             )
**1555 Hugo Circle**                                             )

4

Silver Spring, MD 20906   )
         )
**MESFIN HABTU,**     )
**110 Whispering Willow Way** )
**Sandy Spring, MD 20860**  )
         )
**MESTAWOT BEKELE,**  )
**725 24th Street, N.W., Apt. 606** )
**Washington, DC 20037**   )
         )
**MICHAEL ASTATKIE,**  )
**13102 Shinnecock Drive**   )
**Silver Spring, MD 20904**  )
         )
**NEGEDE GIRMA**    )
**12715 Robindale Drive**   )
**Rockville, MD 20853**    )
         )
**NEGESTE AZEB BEKELE,** )
**15208 Rockport Drive**   )
**Silver Spring, MD 20905**  )
         )
**NEGUISSIE ASHENAFI,**  )
**1520 N. Queen Street, Apt. 2**  )
**Arlington, VA 22209**    )
         )
**PAULOS AMARE,**    )
**220 20th Street**      )
**Arlington, VA 22202**    )
         )
**RAHEAL MEKURIA,**   )
**7056 Eastern Avenue, N.W., Apt. # T6** )
**Washington, DC 20012**   )
         )
**RAHEL DEBELA,**    )
**12630 Veirs Mill Road, Apt. 1019** )
**Rockville, MD 20853**    )
         )
**SAMUEL ABEBE,**    )
**10612 Edgewater Avenue**   )
**Silver Spring, MD 20901**  )
         )
**SEBELE WOLDEGEBREAL,** )
**1656 Nordic Hill Circle**   )
**Silver Spring, MD 20906**  )
         )

**SENAIT ASHENAFI,**                          )
**15160 Callohan Court**                      )
**Silver Spring, MD 20906**                   )
                                              )
**SENEDU BELACHEW,**                          )
**9822 Hedin Drive**                          )
**Silver Spring, MD 20903**                   )
                                              )
**SHEMELES AREGA,**                           )
**541 Randolph Street, N.W.**                 )
**Washington, DC 20011**                      )
                                              )
**SHEWAYE HABTEMARIAM,**                      )
**4406 Bender Court**                         )
**Burtonsville, MD 20866**                    )
                                              )
**SOLOMON ABRAHA,**                           )
**1024 Tracy Drive**                          )
**Silver Spring, MD 20904**                   )
                                              )
**SOLOMON MESHESHA,**                         )
**1338 Longfellow Street, N.W.**              )
**Washington, DC 20011**                      )
                                              )
**SOLOMON TAFESSE,**                          )
**3 Sonata Court**                            )
**Silvery Spring, MD 20901**                  )
                                              )
**TAKELE WOLDEHIWOT,**                        )
**3323 Mount Pleasant, N.W., Apt. # 6**       )
**Washington, DC 20010**                      )
                                              )
**TEGUADED KEBEDE,**                          )
**12742 Gladys Retreat Circle**               )
**Bowie, MD 20720**                           )
                                              )
**TEKELEMARIAM TEKELEMARIAM,**                )
**43 K Street, N.W., Apt. 617**               )
**Washington, DC 20001**                      )
                                              )
**TEMESGEN HAILU,**                           )
**730 Otis Place, N.W.**                      )
**Washington, DC 20010**                      )
                                              )
**TESFAYE YOHANNES,**                         )
**8923 Skyrock Court**                        )

Columbia, MD 21046                                )
                                                  )
**TESFAYE MOGES,**                                )
**909 Longfellow Street, N.W., Apt. 101**         )
**Washington, DC 20011**                          )
                                                  )
**TESHOME ASHENAFI,**                             )
**13312 Dauphine Street**                         )
**Silvery Spring, MD 20906**                      )
                                                  )
**TIGEST ABREHA,**                                )
**1024 Tracy Drive**                              )
**Silver Spring, MD 20904**                       )
                                                  )
**TIGIST ASHENAFI,**                              )
**1230 N Scott Street, Apt. 204**                 )
**Arlington, VA 22209**                           )
                                                  )
**TIRUNESH DAGNE,**                               )
**4425 14th Street, N.W., Apt. 313**              )
**Washington, DC 20011**                          )
                                                  )
**TIRUWORK ABEBE,**                               )
**3800 14th Street, N.W., Apt. 101**              )
**Washington, DC 20011**                          )
                                                  )
**TIRUWORK TESSEMA,**                             )
**3348 Castle Ridge Circle, # 2**                 )
**Silver Spring, MD 20904**                       )
                                                  )
**TSEGAYE KEBEDE**                                )
**5114 8th Street, N.W.**                         )
**Washington, DC 20011**                          )
                                                  )
**TSEGEREDA GIZAW,**                              )
**3636 16th Street, N.W., Apt. B923**             )
**Washington, DC 20010**                          )
                                                  )
**WESSEN DEBELA,**                                )
**1709 Stanley Manor Drive**                      )
**Silver Spring, MD 20904**                       )
                                                  )
**WOINESHET KEBEDE,**                             )
**14800 Hazelmoor Court**                         )
**Silvery Spring, MD 20906**                      )
                                                  )

**WOLDEBIRHAN NEGASH,**        )
**12735 Turquoise Terrace**        )
**Silver Spring, MD 20904**        )
                                   )
**WORKABEBA FELEKE,**         )
**12154 Sweet Clover Drive**       )
**Silver Spring, MD 20904**        )
                                   )
**WOULITA SEYOUM,**            )
**9538 Lawnsberry Terrace**        )
**Silver Spring, MD 20901**        )
                                   )
**WUBAYEHU KASSA,**            )
**12630 Veirs Mill Road, Apt. 1614** )
**Rockville, MD 20853**            )
                                   )
**YEAYNEABEBA DAGNACHEW,**  )
**353 Crescendo Way**              )
**Silver Spring, MD 20901**        )
                                   )
**YEMESRACH ASFAW,**          )
**3210 N. Leisure World Drive, Apt. 711** )
**Silver Spring, MD 20906**        )
                                   )
**YEMWODISH TAFESSE,**        )
**415 North Jordan Street, Apt. 103** )
**Alexandria, VA 22304**           )
                                   )
**YESHIALEM MENGISTU,**       )
**7667 Maple Avenue, Apt. 406**    )
**Takoma Park, MD 20912**         )
                                   )
**YESHIEMBET GEBREYES,**      )
**1900 Lyttonsville Road**         )
**Silver Spring, MD 20910**        )
                                   )
**YESHIHREG MULATU,**         )
**904 Northwest Drive**            )
**Silver Spring, MD 20910**        )
                                   )
**YETEMWORK DABA,**           )
**10920 Connecticut Avenue, Apt. 421** )
**Kensington, MD 20895**           )
                                   )
                                   )

YEZERAW ANDARGIE,                                   )
14221 Castle Boulevard                              )
Silver Spring, MD 20904                             )
                                                    )
YIHEYIS YETEMEGNE,                                  )
1620 Parham Road                                    )
Silver Spring, MD 20903                             )
                                                    )
YOHANNES GIRMA,                                     )
1111 University Boulevard, Apt. 1210                )
Silver Spring, MD 20902                             )
                                                    )
YOHANNES MULATU,                                    )
1114 Tiffany Road                                   )
Silver Spring, MD 20904                             )
                                                    )
ZENEBECH TESFAYE,                                   )
3049 Shepperton Terrace                             )
Silver Spring, MD 20904                             )
                                                    )
and                                                 )
                                                    )
ZEWDITU ABEBA,                                      )
13252 Tivoli Lake Boulevard                         )
Silver Spring, MD 20906                             )
                                                    )
                          Plaintiffs,               )
                                                    )
                    v.                              )
                                                    )
RE'ESE ADBARAT DEBRE SELAM KIDIST                   )
MARIAM, THE ETHIOPIAN ORTHODOX                      )
TEWHADO RELIGION CHURCH,                            )
1350 Buchanan Street, N.W.                          )
Washington, DC 20011                                )
          Serve: Tewodros Woldesemayat (R/A)        )
                 1350 Buchanan Street, N.W.         )
                 Washington, DC 20011               )
                                                    )
ABRAHAM HABTE SELASSIE,                             )
5822 Nystrom Street                                 )
New Carrollton, MD 20784                            )
                                                    )
ADDISU ABEBE,                                       )
7504 Huntsman Place                                 )
Clinton, MD 20735                                   )

**AKLILU HABTE,**                                     )
**9410 Corsica Drive**                                )
**Bethesda, MD 20814**                                )
                                                      )
**ALMAZ ZEWDE,**                                      )
**10954 Rampart Way**                                 )
**Silver Spring, MD 20902**                           )
                                                      )
**AMBACHEW DEMISSIE,**                                )
**7600 Maple Avenue, Apt. 509**                       )
**Takoma Park, MD 20912**                             )
                                                      )
**AMEHA DESTA,**                                      )
**415 Silver Spring Avenue, Apt. 405**                )
**Silver Spring, MD 20910**                           )
                                                      )
**BELAYNEH MENGESHA,**                                )
**11905 Sweet Shrub Circle**                          )
**Clarksburg, MD 20871**                              )
                                                      )
**BILILIGN MANDEFRO,**                                )
**6901 Rolling Creek Way**                            )
**Alexandria, VA 22315**                              )
                                                      )
**DIRES MASHO,**                                      )
**2836 Schubert Drive**                               )
**Silver Spring, MD 20904**                           )
                                                      )
**FEKREYOHANNES K. HAILE,**                           )
**7444 Georgia Avenue, N.W.**                         )
**Washington, DC 20012**                              )
                                                      )
**GETACHEW DEGEFU,**                                  )
**8671 Bent Arrow Court**                             )
**Springfield, VA 22153**                             )
                                                      )
**GIRMA ATNAFE,**                                     )
**11405 Columbia Pike, Apt. C1**                      )
**Silver Spring, MD 20904**                           )
                                                      )
**GIRMA TIRUNEH,**                                    )
**1435 Chapin Street, N.W., Apt. 106**                )
**Washington, DC 20009**                              )
                                                      )
**GIRUM GETACHEW,**                                   )

1400 Aspen Street, N.W., # 303    )
Washington, DC 20012      )
               )
HAILU ZELEKE LEBU,     )
13810 Carter House Way     )
Silver Spring, MD 20904     )
               )
MARTHA KASSA ENGIDA,    )
11512 Bucknell Drive, Apt. 204   )
Silver Spring, MD 20902     )
               )
MEKONNEN GIZAW,      )
4512 Airlie Way, # A       )
Annandale, VA 22003      )
               )
MERSIE EJIGU,        )
9015 Edgepark Road       )
Vienna, VA 22182        )
               )
METENU TESFA,        )
6656 Georgia Avenue, N.W., Apt. 204  )
Washington, DC 20012      )
               )
MOGES SEYOUM,       )
5300 Holmes Run Parkway, Apt. 911  )
Alexandria, VA 22304      )
               )
MULUNEH WOLDETSADIK,    )
711 Keystone Park Drive     )
Morrisville, NC 27560      )
               )
SERGOUT WORKU,       )
3111 Arundel Road        )
Mt Rainier, MD 20712      )
               )
TADELE G. WOLDE,      )
1807 Featherwood Street, Apt. # M710  )
Silver Spring, MD 20904     )
               )
TADESSE BEYENE,       )
12630 Veirs Mill Road, Apt. T-16   )
Rockville, MD 20853       )
               )
TADIOS ESHETE,        )
1350 Buchanan Street, N.W.     )
Washington, DC 20011      )

| | |
|---|---|
| **TEKA MANAYE,** | ) |
| **a/k/a TEKA MANAYE MADA** | ) |
| **6806 Red Top Road, Apt. 6** | ) |
| **Takoma Park, MD 20912** | ) |
| | ) |
| **TEMESGEN ASFAW KERSEMA,** | ) |
| **6377 Stagg Court** | ) |
| **Springfield, VA 22150** | ) |
| | ) |
| **TESFAYE MEKOYA ASSEGID,** | ) |
| **2239 Bachman Valley Road** | ) |
| **Manchester, MD 22102** | ) |
| | ) |
| **TEWODROS MULUGETA,** | ) |
| **12727 Robindale Drive** | ) |
| **Rockville, MD 20853** | ) |
| | ) |
| **WEREDE MEHRET,** | ) |
| **8302 Garland Avenue, Apt. 6** | ) |
| **Takoma Park, MD 20912** | ) |
| | ) |
| **WORKNEH HAILE,** | ) |
| **6376 Patience Court** | ) |
| **Alexandria, VA 22315** | ) |
| | ) |
| **ZELEALEM ANTENEH,** | ) |
| **1800 Avalon Place** | ) |
| **Hyattsville, MD 20783** | ) |
| | ) |
|     **and** | ) |
| | ) |
| **JOHN/JANE DOES, 1 through 20** | ) |
| | ) |
|        **Defendants.** | ) |

## FIRST AMENDED COMPLAINT

Come now the Plaintiffs identified below, by their undersigned counsel, and for their
First Amended Complaint against Defendants Re'ese Adbarat Debre Selam Kidist Mariam, The
Ethiopian Orthodox Tewhado Religion Church (hereafter, the "Church") and the Individual
Defendants identified below, state as follows:

## PARTIES

1.      Plaintiff Alemework Ambellu is an adult resident of Washington, DC who, from 2011 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

2.      Plaintiff Abebaw Yigzaw is an adult resident of Silver Spring, Maryland who, from 2013 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

3.      Plaintiff Abebech Melese is an adult resident of Bethesda, Maryland who, from 1999 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

4.      Plaintiff Abebech Robi is an adult resident of Washington, DC who, from prior to 2002 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

5.      Plaintiff Abera Haile is an adult resident of Alexandria, Virginia who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

6.      Plaintiff Abraham Shiferaw is an adult resident of Washington, DC who, from early 2015 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

7.      Plaintiff Adanech Solomon is an adult resident of Hyattsville, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

8.    Plaintiff Akelile Mitchel is an adult resident of Silver Spring, Maryland who, from 2014 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

9.    Plaintiff Alem Yiman is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

10.    Plaintiff Alemeshet Muluneh is an adult resident of Silver Spring, Maryland who, from  prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

11.    Plaintiff Almaz Maco is an adult resident of Laurel, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

12.    Plaintiff Amare Tekle is an adult resident of Beltsville, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

13.    Plaintiff Ayelech Giru is an adult resident of Potomac, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

14.    Plaintiff Ayelework Awoke is an adult resident of Silver Spring, Maryland who, from 2006 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

15.     Plaintiff Ayen Alem is an adult resident of Washington, DC who, from 2014 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

16.     Plaintiff Azmera Gebreyesus is an adult resident of Silver Spring, Maryland who, from 1991 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

17.     Plaintiff Belaie Woldemichaell is an adult resident of Silver Spring, Maryland who, from 2008 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

18.     Plaintiff Berhanu Woldesemayat is an adult resident of Silver Spring, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

19.     Plaintiff Beyenech Demssie is an adult resident of Silver Spring, Maryland who, from 2013 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

20.     Plaintiff Bezunesh Tsegaye is an adult resident of Washington, DC who, from 2006 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

21.     Plaintiff Birtukan Besha is an adult resident of Bowie, Maryland who, from 2007 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

22.     Plaintiff Birtukan Senke is an adult resident of Silver Spring, Maryland who, from 1991 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

23.     Plaintiff Elfenesh Adera is an adult resident of Silver Spring, Maryland who, from 1991 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

24.     Plaintiff Emwedish Bekele is an adult resident of Silver Spring, Maryland who, from  prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

25.     Plaintiff Etaferahu Yirga is an adult resident of Silver Spring, Maryland who, from 2005 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

26.     Plaintiff Ethiopia Gete is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

27.     Plaintiff Ethiopia Taddese is an adult resident of Silver Spring, Maryland who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

28.     Plaintiff Eyerusalem Dagnachew is an adult resident of Silver Spring, Maryland who, from 2012 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

29.     Plaintiff Fanaye G/Kidan is an adult resident of Takoma Park, Maryland who, from 2007 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

30.     Plaintiff Frehiwot Bekele is an adult resident of Beltsville, Maryland who, from 1991 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

31.     Plaintiff Getachew Metaferia is an adult resident of Silver Spring, Maryland who, from   until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

32.     Plaintiff Girma Awlachew is an adult resident of Silver Spring, Maryland who, from 2007 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

33.     Plaintiff Girma Tesema is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

34.     Plaintiff Gregory Brauer is an adult resident of Frederick, Maryland who, from 2012 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

35.     Plaintiff Hailu Gebreyes is an adult resident of Rockville, Maryland who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

36.     Plaintiff Haimanot Amare is an adult resident of Rockville, Maryland who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

37.     Plaintiff Haregewoin Kefyalew is an adult resident of Frederick, Maryland who, from prior to 2002 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

38.     Plaintiff Hirut Babu Ashenafi is an adult resident of Arlington, Virginia who, from early in 2015 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

39.     Plaintiff Kefey Wole is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

40.     Plaintiff Kibebe W/Yohannes is an adult resident of Washington, DC who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

41.     Plaintiff Kongite Tedesse is an adult resident of Silver Spring, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

42.     Plaintiff Kumneger Gebremedhin is an adult resident of Springfield, Virginia who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

43.     Plaintiff Laketch Abate is an adult resident of Washington, DC who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

44.     Plaintiff Legesse Tessema is an adult resident of Silver Spring, Maryland who, from 1997 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

45.     Plaintiff Loza Bekele is an adult resident of Arlington, Virginia who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

46.     Plaintiff Markos Zelelew is an adult resident of Silver Spring, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

47.     Plaintiff Mebrat Buli is an adult resident of Rockville, Maryland who, from 2013 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

48.     Plaintiff Medemdemia Bekele is an adult resident of Silver Spring, Maryland who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

49.     Plaintiff Mesert Belay is an adult resident of Silver Spring, Maryland who, from 2001 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

50.     Plaintiff Mesfin Habtu is an adult resident of Sandy Spring, Maryland who, from 2009 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

51.     Plaintiff Mestawot Bekele is an adult resident of Washington, DC who, from 2013 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

52.     Plaintiff Michael Astatkie is an adult resident of Silver Spring, Maryland who, from 2012 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

53.     Plaintiff Negede Girma is an adult resident of Rockville, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

54.     Plaintiff Negeste Azeb Bekele is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

55.     Plaintiff Negussie Ashenafi is an adult resident of Arlington, Virginia who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

56.     Plaintiff Paulos Amare is an adult resident of Arlington, Virginia who, from 2013 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

57.     Plaintiff Raheal Mekuria is an adult resident of Washington, DC who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

58.     Plaintiff Rahel Debela is an adult resident of Rockville, Maryland who, from 2011 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

59.     Plaintiff Samuel Abebe is an adult resident of Silver Spring, Maryland who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

60.     Plaintiff Sebele Woldegebreal is an adult resident of Silver Spring, Maryland who, from 1994 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

61.     Plaintiff Senait Ashenafi is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

62.     Plaintiff Senedu Belachew is an adult resident of Silver Spring, Maryland who, from  prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

63.     Plaintiff Shemeles Arega is an adult resident of Washington, DC who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

64.    Plaintiff Shewaye Habtemariam is an adult resident of Burtonsville, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

65.    Plaintiff Solomon Abraha is an adult resident of Silver Spring, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

66.    Plaintiff Solomon Meshasha is an adult resident of Washington, DC who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

67.    Plaintiff Solomon Tafesse is an adult resident of Silver Spring, Maryland who, from 2005 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

68.    Plaintiff Takele Woldehiwot is an adult resident of Washington, DC who, from 2012 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

69.    Plaintiff Teguaded Kebede is an adult resident of Bowie, Maryland who, from 2005 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

70.    Plaintiff Tekelemariam Tekelemariam is an adult resident of Washington, DC who, from 2006 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

71.     Plaintiff Temesgen Hailu is an adult resident of Washington, DC who, from early 2015 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

72.     Plaintiff Tesfaye Yohannes is an adult resident of Columbia, Maryland who, from 2002 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

73.     Plaintiff Tesfaye Moges is an adult resident of Washington, DC who, from 2008 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

74.     Plaintiff Teshome Ashenafi is an adult resident of Silver Spring, Maryland who, from 2014 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

75.     Plaintiff Tigest Abreha is an adult resident of Silver Spring, Maryland who, from prior to 2006 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

76.     Plaintiff Tigest Ashenafi is an adult resident of Arlington, Virginia who, from 2014 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

77.     Plaintiff Tirunesh Dagne is an adult resident of Washington, DC who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

78.     Plaintiff Tiruwork Abebe is an adult resident of Washington, DC who, from 2013 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

79.     Plaintiff Tiruwork Tessema is an adult resident of Silver Spring, Maryland who, from 2011 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

80.     Plaintiff Tsegaye Kebede is an adult resident of Washington, DC who, from 2014 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

81.     Plaintiff Tsegereda Gizaw is an adult resident of Washington, DC who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

82.     Plaintiff Wessen Debela is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

83.     Plaintiff Woineshet Kebede is an adult resident of Silver Spring, Maryland who, from 2005 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

84.     Plaintiff Woldebirhan Negash is an adult resident of Silver Spring, Maryland who, from  prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

85.     Plaintiff Workabeba Feleke is an adult resident of Silver Spring, Maryland who, from 2005 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

86.     Plaintiff Woulita Seyoum is an adult resident of Silver Spring, Maryland who, from 1997 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

87.     Plaintiff Wubayehu Kassa is an adult resident of Rockville, Maryland who, from 2010 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

88.     Plaintiff Yeayneabeba Dagnachew is an adult resident of Silver Spring, Maryland who, from 2009 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

89.     Plaintiff Yemesrach Asfaw is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

90.     Plaintiff Yemwodish Tafesse is an adult resident of Alexandria, Virginia who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

91.     Plaintiff Yeshialem Mengistu is an adult resident of Takoma Park, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

92.     Plaintiff Yeshiembet Gebreyes is an adult resident of Silver Spring, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

93.     Plaintiff Yeshihreg Mulatu is an adult resident of Silver Spring, Maryland who, from 2009 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

94.     Plaintiff Yetemwork Daba is an adult resident of Kensington, Maryland who, from 2011 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

95.     Plaintiff Yezeraw Andargie is an adult resident of Silver Spring, Maryland who, from 2000 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

96.     Plaintiff Yiheyis Yetemegne is an adult resident of Silver Spring, Maryland who, from 2014 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

97.     Plaintiff Yohannes Girma is an adult resident of Silver Spring, Maryland who, from 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

98.     Plaintiff Yohannes Mulatu is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

99.     Plaintiff Zenebech Tesfaye is an adult resident of Silver Spring, Maryland who, from prior to 2004 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

100.     Plaintiff Zewditu Abeba is an adult resident of Silver Spring, Maryland who, from prior to 2003 until September 24, 2015, attended the Defendant Church as a place of worship and participated in the Defendant Church as a voting Member of its General Assembly.

101.     Defendant Church is a District of Columbia non-profit member corporation organized under the laws of the District of Columbia that is located and conducts its regular activities in the District of Columbia.

102.     At all relevant times since September 24, 2015, the Defendant Church has exercised its authority through a so-called Committee of Concerned Church Members (the "Committee"), an Interim Board of Trustees (the "Interim Board"), and/or a successor Board of Trustees (the "Current Board"), with the active participation of the Church priests (the "Clergy").

103.     There is overlapping membership between the Committee, the Interim Board, and the Clergy.

104.     Known members of the Committee are Addisu Abebe, Akilu Habte, Almaz Zewde, Martha Engida, Sergout Worku, Bililign Mandefro, Ambachew Demisse, Amha Desta, Belayneh Mengesha, Girma Atnafe, Girum Getachew, Mekonnen Gizaw, Werede Mehret, Zelealem Anteneh, Abraham Habte Selassie, Fekreyohannes Haile, Hailu Lebu, Metenu Tesfa, Moges Seyoum, Tesfaye Mekoya Assegid, Tewodros Mulugeta, and Workneh Haile. The Committee also includes other members not presently known to Plaintiffs, referred to herein as John/Jane Does 1 through 20.

105.     Defendant Addisu Abebe is an adult resident of Clinton, Maryland.

106.    Defendant Akilu Habte is an adult resident of Bethesda, Maryland.

107.    Defendant Almaz Zewde is an adult resident of Silver Spring, Maryland.

108.    Defendant Martha Engida is an adult resident of Silver Spring, Maryland.

109.    Defendant Sergout Worku is an adult resident of Mt. Ranier, Maryland.

110.    Defendant Bililign Mandefro is an adult resident of Alexandria, Virginia.

111.    Defendant Ambachew Demisse is an adult resident of Takoma Park, Maryland.

112.    Defendant Amha Desta is an adult resident of Silver Spring, Maryland.

113.    Defendant Belayneh Mengesha is an adult resident of Clarksburg, Maryland.

114.    Defendant Girma Atnafe is an adult resident of Silver Spring, Maryland.

115.    Defendant Girum Getachew is an adult resident of Washington, DC.

116.    Defendant Mekonnen Gizaw is an adult resident of Annandale, Virginia.

117.    Defendant Werede Mehret is an adult resident of Takoma Park, Maryland.

118.    Defendant Zelealem Anteneh is an adult resident of Hyattsville, Maryland.

119.    Defendant Abraham Habte Selassie is an adult resident of New Carrollton, Maryland.

120.    Defendant Fekreyohannes Haile is an adult resident of Washington, DC.

121.    Defendant Hailu Lebu is an adult resident of Silver Spring, Maryland.

122.    Defendant Metenu Tesfa is an adult resident of Washington, DC.

123.    Defendant Moges Seyoum is an adult resident of Alexandria, Virginia.

124.    Defendant Tesfaye Mekoya Assegid is an adult resident of Silver Spring, Maryland.

125.    Defendant Tewodros Mulugeta is an adult resident of Rockville, Maryland.

126.    Defendant Workneh Haile is an adult resident of Alexandria, Virginia.

127.    Known members of the Interim Board (who are also members of the Committee) are Ambachew Demisse, Amha Desta, Belayneh Mengesha, Girma Atnafe, Girum Getachew, Mekonnen Gizaw, Werede Mehret, and Zelealem Anteneh.

128.    Defendant Ambachew Demisse is a adult resident of Takoma Park, Maryland.

129.    Defendant Amha Desta is an adult resident of Silver Spring, Maryland.

130.    Defendant Belayneh Mengesha is an adult resident of Clarksburg, Maryland.

131.    Defendant Girma Atnafe is an adult resident of Silver Spring, Maryland.

132.    Defendant Girum Getachew is an adult resident of Washington, DC.

133.    Defendant Mekonnen Gizaw is an adult resident of Annandale, Virginia.

134.    Defendant Werede Mehret is an adult resident of Takoma Park, Maryland.

135.    Defendant Zelealem Anteneh is an adult resident of Hyattsville, Maryland.

136.    Known members of the Clergy (who are also members of the Committee) are Abraham Habte Selassie, Fekreyohannes Haile, Hailu Lebu, Metenu Tesfa, Moges Seyoum, Tesfaye Mekoya Assegid, Tewodros Mulugeta, and Workneh Haile.

137.    Defendant Abraham Habte Selassie is an adult resident of New Carrollton, Maryland.

138.    Defendant Fekreyohannes Haile is an adult resident of Washington, DC.

139.    Defendant Hailu Lebu is an adult resident of Silver Spring, Maryland.

140.    Defendant Metenu Tesfa is an adult resident of Washington, DC.

141.    Defendant Moges Seyoum is an adult resident of Alexandria, Virginia.

142.    Defendant Tesfaye Mekoya Assegid is an adult resident of Silver Spring, Maryland.

143.    Defendant Tewodros Mulugeta is an adult resident of Rockville, Maryland.

144.    Defendant Workneh Haile is an adult resident of Alexandria, Virginia.

145.    Known members of the Current Board are Belayneh Mengesha, Dires Masho, Getachew Degefu, Girma Tiruneh, Mersie Ejigu, Muluneh Woldetsadik, Tadele G/Wolde, Tadesse Beyene, Tadios Eshete, Teka Manaye, and Temesgen Kersema.

146.    Defendant Belayneh Mengesha is an adult resident of Clarksburg, Maryland.

147.    Defendant Dires Masho is an adult resident of Silver Spring, Maryland.

148.    Defendant Getachew Degefu is an adult resident of Springfield, Virginia.

149.    Defendant Girma Tiruneh is an adult resident of Washington, DC.

150.    Defendant Mersie Ejigu is an adult resident of Vienna, Virginia.

151.    Defendant Muluneh Woldetsadik is an adult resident of Morrisville, North Carolina.

152.    Defendant Tadele G/Wolde is an adult resident of Silver Spring, Maryland.

153.    Defendant Tadesse Beyene is an adult resident of Rockville, Maryland.

154.    Defendant Tadios Eshete is an adult resident of Washington, DC.

155.    Defendant Teka Manaye a/k/a Teka Manaye Mada is an adult resident of Takoma Park, Maryland.

156.    Defendant Temesgen Kersema is an adult resident of Springfield, Virginia.

157.    Since September 24, 2015, the Individual Defendants comprising the Committee, the Interim Board, the Current Board and the Clergy collectively acted as agents of the Church and exercised actual or apparent authority over the conduct of the Church's operations and the control of Church assets, real and personal.

158.    The acts and omissions of the Individual Defendants complained of herein were committed within the scope of their actual or apparent authority, and done in order to further the

30

actual or perceived corporate interests of the Church, for which the Church itself is vicariously liable.

159.    The Individual Defendants comprising the Committee, the Interim Board, the Current Board and the Clergy, through their involvement in the criminal predicate acts and the tortious acts and omissions described below, are individually liable for their own tortious acts, and consequently are jointly and severally liable to Plaintiffs.

160.    The Individual Defendants comprising the Committee, the Interim Board, the Current Board and the Clergy, participated to a meaningful degree in the criminal predicate acts and the tortious acts and omissions described below, and thereby shared in those wrongful acts.

## JURISDICTION AND VENUE

161.    Subject matter jurisdiction of this Court is founded upon 28 U.S.C. § 1331, as to the counts raising questions arising under the laws of the United States, and upon the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to the remaining counts, which together form part of the same case or controversy.

162.    Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) as the Defendant Church is resident within the District of Columbia, and because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred within the District of Columbia.

## STATEMENT OF FACTS

163.    Plaintiffs are all former participating Members of the Defendant Church, who made regular dues contributions towards the Church's operating expenses and reserve funds, including various restricted funds including a Building Fund. The payment of dues contributions to the Church was, at all relevant times, a requirement of membership in the Church.   The

31

revenue of the Church, a nonprofit organization, therefore depended in large part on the regular recurring (usually weekly) payment of dues and contributions by its members.

164.    Members who had paid their dues contributions during the preceding six month period were entitled to vote at meetings of the Church's General Assembly. Among other functions, the General Assembly of the Church approved Church budgets.  Thus, the Members collectively have control over, and ownership rights in, Church assets, particularly in its real property and restricted funds such as the Building Fund.

165.    Over the course of several years beginning in around 2012, various controversies over Church governance arose.

166.    Without the knowledge of Plaintiffs, in 2013 a number of other members of the congregation formed the Committee, led by Defendant Aklilu Habte, which decided to take over control of the Church.

167.    The members of the Committee (including the Clergy and those who subsequently became members of the Interim Board) held a number of regular meetings for the express purpose of conspiring to devising a scheme to obtain control of the money and property of the Church by means of false or fraudulent pretenses, representations and promises.

168.    At the end of services on Sunday, September 20, 2015, Defendant Habte addressed the congregation.  He announced that the serving members of the Church's Board of Trustees (the "Serving Board") were dismissed, and, through false or fraudulent pretenses and representations, purported to appoint replacement interim trustees (those members of the Committee who became the Interim Board) of his, or the Committee's and/or the Clergy's, choosing.

169.     Following these events, the Serving Board closed and locked the Church premises to restore calm and avoid violence.

170.     On Friday, September 24, 2015, supporters of the Committee, the Interim Board and the Clergy, acting at the direction of and pursuant to the apparent authority of the Committee, the Interim Board and the Clergy, gained entry to the Church and occupied it to the exclusion of specific members of the congregation, including the Plaintiffs.

171.     From then until the present time, the Committee, the Interim Board, the Current Board and/or the Clergy have controlled the operations of the Church by taking possession of the real property owned by the Church, by assuming governance and control over the congregation, and by controlling the conduct of religious services and related Church activities.

172.     From then until the present time, the Committee, the Interim Board, the Current Board and/or the Clergy, by assuming control of the operations of the Church, have intentionally exercised dominion or control over real and personal property of the Church and its participating members, including Plaintiffs, which so seriously interferes with the right of the Plaintiffs to control that property that it amounts to a denial or repudiation of Plaintiffs' rights in such property.

173.     From then until the present time, the Committee, the Interim Board, the Current Board and/or the Clergy, by assuming control of the operations of the Church, have converted to their own use the Church's annual stream of income, including substantial rental income, to the exclusion of Plaintiffs.

174.     From then until the present time, the Church, acting through its agents the Committee, the Interim Board, the Current Board and/or the Clergy and their supporters and co-conspirators, has denied Plaintiffs effective access to the Church because of Plaintiffs' support of

the Serving Board, and/or Plaintiffs' refusal or failure to support the Committee, the Interim Board, the Current Board or the Clergy.

175.    From then until the present time, the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy has determined who would, or would not, be allowed access to Church property for purposes of attending or participating in religious services or other religious observances.

176.    The decisions to prevent access to the Church were enforced through intimidation, harassment and physical obstruction by the Church acting through its agents the Committee, the Interim Board, the Current Board and the Clergy, in concert with their supporters and co-conspirators.

177.    Being denied effective access to the Church, the Serving Board determined that it had to take legal action to remove trespassers from the Church property.  Litigation to this effect was initiated on October 2, 2015. That action was brought in the name of the Church by the Serving Board against known members of the Committee and/or the Interim Board.

178.    Subsequently, on or about December 9, 2015, the Church, acting through its agents the Committee and/or the Interim Board wrote to the Church's bank, Eagle Bank, asking it to freeze the Church's accounts, including the Building Fund.  Eagle Bank complied.  These accounts remain frozen.

179.    Eagle Bank is, on information and belief, a Maryland chartered commercial bank which is a member of the Federal Reserve System, and is an FDIC-insured community bank operating in Maryland, Virginia and the District of Columbia.

180.    The bank account deposits held by Eagle Bank in the name of the Church and/or apparent affiliate groups totals more than $3.8 million (net of debts).  Those deposits include

34

substantial contributions made over the years by Plaintiffs, designated for accounting purposes as restricted net assets, to which Plaintiffs are now denied access, and thereby denied the benefit of the use of those funds for the purposes intended by Plaintiffs.

181.    Other bank accounts, including an account in which approximately $200,000.00 is on deposit with M&T Bank in Maryland, are owned in the name of the Church, and include substantial contributions made over the years by Plaintiffs, designated for accounting purposes as restricted net assets, to which Plaintiffs are now denied access, and thereby denied the benefit of the use of those funds for the purposes intended by Plaintiffs.

182.    The acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, have proximately resulted in the denial to Plaintiffs of effective access to their place of worship at the Church premises.

183.    The acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, have proximately resulted in the denial to Plaintiffs of the ability to exercise their voting rights in the Church's General Assembly and thereby denied them their share in the ownership of real and personal property owned in the name of the Church.

184.    The acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, have proximately resulted in the denial to Plaintiffs of the use and control of their share of the financial assets and income stream of the Church, and further denied to Plaintiffs the benefit of the use of those funds for the purposes intended by Plaintiffs.

185.    The acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, have proximately resulted in causing Plaintiffs to rent other church premises and assume other operational expenses for the purpose of conducting religious services that otherwise, but for the acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, would have been conducted in the Church premises.

**COUNT I**
**CIVIL RICO – CONSPIRACY TO VIOLATE 18 U.S.C. § 1962(B)**

186.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 185, inclusive, as set forth above.

187.    Between 2013 and September 24, 2015, the Individual Defendants who were members of the Committee, acting in concert with the Individual Defendants who were included among the Clergy and the Individual Defendants who later became members of the Interim Board, conspired to devise a scheme to obtain control of the Church, including its money and property, by means of false or fraudulent pretenses, representations and promises.

188.    According to a sworn Declaration of Defendant Akilu Habte executed on May 25, 2016, in 2013 a group of Church members including himself formed the Committee to discuss possible ways to make changes in Church governance. See Exhibit A, Habte Declaration, ¶ 3.

189.    In his sworn Declaration, Defendant Habte stated that the Committee "provided broad and repeated notice" to all Church Members of its "intention to hold a vote to dismiss the elected members of the Board of Trustees [the Serving Board] and replace them with a transitional committee [the Interim Board] until a new Board could be elected."  Exhibit A, Habte Declaration, ¶ 5.

190.    Defendant Habte further testified that the Committee's "intentions" were articulated in a written "position statement" that was read aloud to the General Assembly of the Church on August 30, 2015. Exhibit A, Habte Declaration, ¶ 5(a).

191.    Defendant Habte also testified to a separate incident on August 30, 2015, in which Committee members met with a "large number" of Church Members. During that meeting, the Committee and the Clergy notified those present that they "intended to hold a vote to dismiss the [Serving Board] and replace them with a transitional committee until a new Board could be elected."  Exhibit A, Habte Declaration, ¶ 5(b).

192.    Later, on September 13, 2015, following worship services, the Clergy "informed the General Assembly of its unanimous support of the plan to hold a vote to dismiss the elected members of the [Serving Board] and replace them with a transitional committee [Interim Board] until a new Board could be elected."  Exhibit A, Habte Declaration, ¶5(c).

193.    During this time period, according to the sworn Declaration of Defendant Habte, in the course of executing its scheme to take control of the Church, members of the Clergy and the Committee "regularly" discussed the need to replace the Serving Board and thereby take control of the Church on Abyssinia Radio, a radio station in Washington, DC that caters to the local Ethiopian community and is listened to by many members of the Church.  Exhibit A, Habte Declaration, ¶ 6. Included among these broadcasts was a program aired on September 6, 2014, in which Defendants Habte and Zewde spent an hour "accusing" the Serving Board.

194.    Between 2013 and September 24, 2015, Individual Defendants who were members of the Committee (including the Interim Board members and Clergy) also held numerous meetings in person or by telephone for the purpose of conspiring to devise a scheme to obtain control of the Church.   According to Defendant Habte, by September, 2015 the

Committee (which was comprised of members residing in the District of Columbia, Maryland and Virginia) was, by this time, "regularly holding Committee meetings in person or via telephone." Exhibit A, Habte Declaration, ¶ 6.

195.    Between 2013 and September 24, 2015, Individual Defendants who were members of the Committee (including the Interim Board members and Clergy) also attended meetings in which they discussed their plans for executing their scheme to obtain control of the Church and its assets with Church members.  According to Defendant Habte, by September, 2015 these were "regular" meetings. See Exhibit A, Habte Declaration, ¶ 6.

196.    Defendant Habte also declared, under oath, that in "consultation" with the Clergy and other groups within the Church, the Committee members met on September 16, 2015 at a restaurant in Silver Spring, Maryland "to discuss how to implement this action and who should serve on the interim committee."  Exhibit A, Habte Declaration, ¶ 7.

197.    Thus, between 2013 and September 24, 2015, Individual Defendants who were members of the Committee (including the Interim Board members and Clergy) communicated with each other and with other Members of the Church congregation for the purpose of conspiring to execute their scheme to take control of the Church.

198.    This scheme, which was repeatedly articulated, promised that a vote to dismiss the Serving Board would be held.  As Defendant Habte confirmed under oath, however, no such vote was conducted. Instead, on September 20, 2015, Defendant Habte "announced" that the Committee (including the Interim Board members and Clergy) along with other groups within the Church "had decided to dismiss the eight elected members of the [Serving] Board and replace them with an interim committee until a new Board could be elected."  Defendant Habte thereupon read aloud the names of the Board members to be dismissed, and announced the

names of those chosen by the Committee to serve on the Interim Board.   Exhibit A, Habte Declaration, ¶ 10.

199.    In the absence of the promised vote to dismiss the Serving Board, the subsequent dismissal of the Serving Board by the unilateral action of the Committee (including the Interim Board members and Clergy) resulted in the Committee obtaining effective control of the Church through false or fraudulent pretenses, representations and/or promises.

200.    The acts of the Committee (including the Interim Board members and Clergy) in following through on their scheme to assume control of the Church were undertaken without any legal justification, and therefore resulted in the Committee obtaining effective control of the Church through false or fraudulent pretenses, representations and/or promises.

201.    Numerous communications among Committee members (including the Interim Board members and Clergy) in the course of conspiring to execute this scheme to assume control of the Church were conducted through the transmission of, at a minimum, telephonic and electronic radio messages in interstate commerce in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343.

202.    While the exact number of such illegal predicate acts is not presently known to Plaintiffs, it far exceeds two such acts in the 10 year period preceding the take-over of the Church by the Committee, the Interim Board and the Clergy on September 24, 2015.

203.    These illegal predicate acts constitute a pattern of racketeering activity by which the Individual Defendants comprising the Committee (including the Interim Board members and Clergy) conspired in violation of 18 U.S.C. § 1962(d) to acquire and maintain direct or indirect interest in and control of the affairs of the Church, which is an enterprise as defined in 18 U.S.C.

§ 1961(4) that is engaged in, or the activities of which affect, interstate commerce, in violation of 18 U.S.C. § 1962(b).

204.    The illegal predicate acts of these Individual Defendant conspirators proximately caused Plaintiffs' injuries and damages, in depriving them of access to and control over their prior contributions to Church assets, and in particular contributions made to the designated Building Fund (a restricted fund); depriving them of the benefit of the intended use of Church assets; depriving them of benefitting from the ongoing income stream of the Church; causing them unnecessary economic loss and expense through the necessity of renting alternative church premises; and causing them severe and foreseeable emotional distress.

205.    Plaintiffs are entitled to treble damages and an award of their attorneys' fees and expenses incurred in bringing this action from the Individual Defendants, jointly and severally, pursuant to 18 U.S.C. § 1964(c).

**COUNT II**
**RICO 1 – JOINDER IN CONSPIRACY TO VIOLATE 18 U.S.C. § 1962(B)**

206.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 205, inclusive, as set forth above.

207.    Individual Defendants who are members of the Current Board joined in the conspiracy after the commission of the predicate acts by the Committee (including the Interim Board members and the Clergy), and by supporting those acts demonstrated that they knew about, approved of and adopted those prior acts.

208.    The approval and adoption by the Individual Defendants who are members of the Current Board of the prior illegal predicate acts of the other Individual Defendants (members of the Committee, the Interim Board and the Clergy) renders them co-conspirators in violation of 18 U.S.C. § 1962(d) in the scheme to acquire and maintain direct or indirect interest in and

control of the affairs of the Church, which is an enterprise as defined in 18 U.S.C. § 1961(4) that is engaged in, or the activities of which affect, interstate commerce, in violation of 18 U.S.C. § 1962(b).

209.    The approval and adoption by the Individual Defendants who are members of the Current Board of the prior illegal predicate acts of the other Individual Defendants (members of the Committee, the Interim Board and the Clergy) proximately caused Plaintiffs' injuries and damages, in depriving them of access to and control over Church assets; depriving them of the benefit of the intended use of those assets; depriving them of benefitting from the ongoing income stream of the Church; causing them unnecessary economic loss and expense through the necessity of renting alternative church premises; and causing them severe and foreseeable emotional distress.

210.    Plaintiffs are entitled to treble damages and an award of their attorneys' fees and expenses incurred in bringing this action from the Individual Defendants, jointly and severally, pursuant to 18 U.S.C. § 1964.

## COUNT III
## RICO 2 – CONSPIRACY TO VIOLATE 18 U.S.C. § 1962(C)

211.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 210, inclusive, as set forth above.

212.    Between 2013 and September 24, 2015, Individual Defendants who were members of the Committee (including the Interim Board members and the Clergy) devised a scheme to obtain control of the money and property of the Church by means of false or fraudulent pretenses, representations and promises.

213.    During that time period, Individual Defendants who were members of the Committee (including the Interim Board members and the Clergy) were employed by or associated with the Church.

214.    During that time period, Individual Defendants who were members of the Committee (including the Interim Board members and the Clergy), participated, directly or indirectly, in the conduct of Church affairs.

215.    Knowing that they planned to acquire control of the Church and thereby acquire control over its assets, Individual Defendants who were members of the Committee (including the Interim Board members and the Clergy) regularly solicited or otherwise encouraged contributions from members of the congregation, including Plaintiffs, for purposes including contributions to restricted funds such as the Building Fund.

216.    By intentionally attempting to exercise dominion or control over those contributions, the rights of the Plaintiffs to control that property was so seriously interfered with that it amounted to a denial or repudiation of Plaintiffs' rights in such property.   Those contributions, the total value of which was substantially in excess of $5,000, therefore were converted or taken by fraud by the Individual Defendants who were members of the Committee (including the Interim Board members and the Clergy) from the members of the congregation, including Plaintiffs, who in making their contributions relied upon the expenditure of those funds in accordance with their designated purposes.

217.    A substantial portion of those contributions were collected weekly at the Church premises in Washington, DC and thereafter deposited in various bank accounts, including those held with Eagle Bank and M&T Bank in Maryland.

218.    Individual Defendants who were members of the Committee (including the Interim Board members and the Clergy) thereby conspired to participate in the transmission or transfer in interstate commerce of money of the value of $5,000 or more, knowing the same to have been converted or taken by fraud, in violation of 18 U.S.C. § 2314.

219.    While the exact number of such illegal predicate acts is not presently known to Plaintiffs, it far exceeds two such acts in the 10 year period preceding the filing of this lawsuit.

220.    On or about December 9, 2015, Individual Defendants who were members of the Committee and/or the Interim Board wrote to one of the Church's banks, Eagle Bank, asking it to freeze the Church's accounts, including the Building Fund, with a value at the time of some $3.8 million.  In so doing, those Individual Defendants, having devised a scheme to obtain money belonging in part to Plaintiffs by means of false or fraudulent pretenses, representations or promises, used the Postal Service for the purpose of executing a part of that scheme by attempting to exercise control over assets held by Eagle Bank for the benefit of all Church members, including Plaintiffs, in violation of 18 U.S.C. § 1341.

221.    The illegal predicate acts of the Individual Defendants proximately caused Plaintiffs' injuries and damages, in depriving them of access to and control over Church assets; depriving them of the benefit of the intended use of those assets; depriving them of benefitting from the ongoing income stream of the Church; causing them unnecessary economic loss and expense through the necessity of renting alternative church premises; and causing them severe and foreseeable emotional distress.

222.    Plaintiffs are entitled to treble damages and an award of their attorneys' fees and expenses incurred in bringing this action from the Individual Defendants, jointly and severally, pursuant to 18 U.S.C. § 1964.

43

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

223.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 222, inclusive, as set forth above.

224.    By holding itself out as, and acting in the capacity of, a religious institution, and by undertaking the religious instruction and emotional counseling of its congregation, including Plaintiffs prior to September 24, 2015, the Defendant Church had an obligation to care for the spiritual and emotional well-being of Plaintiffs.

225.    The spiritual and emotional well-being of Plaintiffs was necessarily implicated by their close and devout relationship with the Church, and the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy knew or should have known that any infringement of the Plaintiffs' ability to worship in the Church entailed an especially likely risk of serious emotional distress.

226.    The Church acting through its agents the Committee, the Interim Board, the Current Board and the Clergy, has failed to exercise control over its supporters and co-conspirators within the Church congregation.  Those supporters and co-conspirators, by various acts of intimidation, harassment and physical obstruction, effectively blocked Plaintiffs from access to the Church and thereby denied to Plaintiffs their ability to worship at the Church.

227.    The effective denial by the Church, through its agents the Committee, the Interim Board, the Current Board, and the Clergy acting in concert with their supporters and co-conspirators, of Plaintiffs' ability to worship at the Church proximately caused the Plaintiffs serious and verifiable emotional distress, including great pain of mind and body, shock, humiliation and loss of enjoyment of life, which has proven to be acute, enduring, and life-altering.

228.    Plaintiffs are each entitled to an award of compensatory damages for the negligent infliction of emotional distress from the Church and the Individual Defendants, jointly and severally, in an amount to be proved at trial.

**COUNT V**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (CIVIL CONSPIRACY)**

229.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 228, inclusive, as set forth above.

230.    To the extent that acts and omissions that resulted in the infliction of emotional distress injuries upon Plaintiffs were committed by members of the Church's congregation who supported the Committee, the Interim Board, the Current Board and/or the Clergy, but were not acting pursuant to the express orders of the Church acting through its agents the Committee, the Interim Board, the Current Board or the Clergy, those agents of the Church entered into an agreement and conspired with their supporters to take such actions as they deemed necessary to deny Plaintiffs with access to the Church.

231.    This agreement was made in order to do an unlawful act, and/or to do a lawful act in an unlawful manner.

232.    This agreement resulted in overt acts by the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy along with their respective supporters and co-conspirators that included harassment, intimidation, and physical obstruction, which effectively denied to Plaintiffs access to the Church.

233.    The effective denial of Plaintiffs' ability to worship at the Church proximately caused the Plaintiffs serious and verifiable emotional distress, which has proven to be acute, enduring, and life-altering.

234.     Plaintiffs are each entitled to an award of compensatory damages for the negligent infliction of emotional distress from the Church and the Individual Defendants, jointly and severally, in an amount to be proved at trial.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

235.     Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 234, inclusive, as set forth above.

236.     The acts of the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy that resulted in the infliction of emotional distress injuries upon Plaintiffs, were committed with the intent of causing injury and harm to the Plaintiffs.

237.     The intentional acts and misconduct of the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy, were beyond the bounds of decency and without just cause or excuse.

238.     The intentional denial to Plaintiffs of access to their place of worship is utterly intolerable in a civilized community.

239.     Plaintiffs are each entitled to an award of compensatory damages for the intentional infliction of emotional distress from the Church and the Individual Defendants, jointly and severally, in an amount to be proved at trial.

240.     The intentional acts and misconduct of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, were outrageous, malicious, wanton, reckless  or in willful disregard of Plaintiffs' rights, entitling each Plaintiff to an award of punitive damages.

46

## COUNT VII
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (CIVIL CONSPIRACY)</u>

241.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 240, inclusive, as set forth above.

242.    To the extent that acts and omissions that resulted in the infliction of emotional distress injuries upon Plaintiffs were committed by members of the Church's congregation who supported the Committee, the Interim Board, the Current Board and/or the Clergy, but were not acting pursuant to the express orders of the Church acting through its agents the Committee, the Interim Board, the Current Board or the Clergy, those agents of the Church entered into an agreement and conspired with their supporters to take such actions as they deemed necessary to deny Plaintiffs with access to the Church.

243.    This agreement was made in order to do an unlawful act, and/or to do a lawful act in an unlawful manner.

244.    This agreement resulted in overt acts by the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy along with their respective supporters and co-conspirators that included harassment, intimidation, and physical obstruction, which effectively denied to Plaintiffs access to the Church.

245.    The effective denial of Plaintiffs' ability to worship at the Church proximately caused the Plaintiffs serious and verifiable emotional distress, which has proven to be acute, enduring, and life-altering.

246.    Plaintiffs are each entitled to an award of compensatory damages for the intentional infliction of emotional distress from the Church and the Individual Defendants, jointly and severally, in an amount to be proved at trial.

247.    The intentional acts and misconduct of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, were outrageous, malicious, wanton, reckless  or in willful disregard of Plaintiff's rights, entitling Plaintiffs to an award of punitive damages.

## COUNT VIII
## CONVERSION

248.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 247, inclusive, as set forth above.

249.    The Plaintiffs, all of whom were Members of the Church prior to September 24, 2015, had a right to vote in the General Assembly of the Church, and to vote on its budget and the uses to which the property of the Church, including its real estate and bank accounts, were to be put.

250.    By their dues contributions over many years, the Plaintiffs contributed to the equity owned by the Church and, collectively, by all of its Members, in certain real estate.

251.    By their dues contributions over many years, the Plaintiffs contributed to the cash equity of the Church held on its account in various banks, including Eagle Bank and M&T Bank. Those deposits were largely comprised of monies designated as restricted net assets on the books and accounts of the Church, including but not limited to the Building Fund.

252.    On September 24, 2015, the Church, acting through its agents the Committee, the Interim Board, the Clergy and their supporters and co-conspirators, took control and possession of the Church building, parking lot, furniture, books, records, papers and programs.

253.    By its acts in barring Plaintiffs from the Church premises and in effectively denying to Plaintiffs their right to vote in the General Assembly, the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and

co-conspirators, has intentionally exercised dominion or control over real and personal property which so seriously interferes with the right of the Plaintiffs to control that property that it amounts to a denial or repudiation of Plaintiffs' rights in such property.

254.    By its acts in barring Plaintiffs from the Church premises and in effectively denying to Plaintiffs their right to vote in the General Assembly, the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, has intentionally exercised dominion or control over the Church's income stream since September 25, 2015, in a manner which so seriously interferes with the right of the Plaintiffs to control their rightful share of that income that it amounts to a denial or repudiation of Plaintiffs' rights in such income.

255.    The Church, acting through its agents the Individual Defendants (including members of the Committee, the Interim Board, the Current Board, and the Clergy) has refused to return to or reimburse Plaintiffs for their relative shares in the real and personal property of the Church, and the Church's continued possession of those assets shows its adverse nature and renders it unlawful.

256.    Plaintiffs are each entitled to an award of compensatory damages for the conversion of their respective rights in the real and personal property of the Church in an amount to be proved at trial.

257.    The acts and misconduct of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, were intentional, outrageous, malicious, wanton, reckless  or in willful disregard of Plaintiffs' rights, entitling Plaintiffs to an award of punitive damages.

**COUNT IX**
**UNJUST ENRICHMENT**

258.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 257, inclusive, as set forth above.

259.    In exercising dominion and control over Church assets, real and personal, the Committee, the Interim Board, the Current Board and the Clergy, acting in the name of and as agents for the Church, have retained a benefit for the Church which in justice and equity belongs, in proportional part, to each of the Church Members, including the Plaintiffs.

260.    As between the Church and the Plaintiffs, it would be unjust for the former to retain the assets contributed or owned by the latter.

261.    The Church owes restitution to the Plaintiffs in an amount proportional to the Plaintiffs' respective contributions to, or ownership interest in, the equity owned by the Church in its real and personal property, in amounts to be proved at trial.

**COUNT X**
**CONSTRUCTIVE TRUST**

262.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 261, inclusive, as set forth above.

263.    In order to force restitution and prevent unjust enrichment, Plaintiffs are entitled to relief in the form of a constructive trust, by which the assets of the Church, real and personal, are to be held in trust for the benefit of the Plaintiffs to the extent of their respective contributions to, or ownership interests in, those assets, to be applied to benefit Plaintiffs in a manner consistent with the original intended purpose of Plaintiffs' contributions, and including the designation of an appropriate portion of the Church's Building Fund to pay for the purchase

or construction of a new church premises for the use of Plaintiffs as a replacement place of worship.

264.    In order to provide for the availability of Church assets to pay damages owed to Plaintiffs in amounts to be proved at trial, Plaintiffs are entitled to relief in the form of a constructive trust by which the assets of the Church, real and personal, are to be held in trust for the benefit of the Plaintiffs to the extent of their damages.

## COUNT XI
## BREACH OF FIDUCIARY DUTIES
### (Defendant Church)

265.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 264, inclusive, as set forth above.

266.    At all relevant times, the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy, owed Plaintiffs a fiduciary duty to maintain the orderly conduct of religious services at the Church premises; to ensure that no member of the Church congregation was denied access to those premises for the purpose of participating in religious services or other religious observances; and to ensure that Church assets (including the Building Fund) were used in accordance with their designated and restrictive purposes.

267.    Despite its duty of loyalty to all those in its congregation, including the Plaintiffs, the acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators in effectively denying access to the Church to Plaintiffs by acts of harassment, intimidation, and physical obstruction, were in breach of the Church's fiduciary duties owed to Plaintiffs.

268.    Despite its duty of loyalty to all those in its congregation, including the Plaintiffs, the acts and omissions of the Church, acting through its agents the Committee, the Interim

Board, the Current Board, the Clergy and their supporters and co-conspirators in effectively denying Plaintiffs with access to or control over Church assets were in breach of the Church's fiduciary duties owed to Plaintiffs.

269.     The Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, knew or should have known that its acts and omissions were inconsistent with its fiduciary obligations to Plaintiffs.

270.     The acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy and their supporters and co-conspirators, in breach of those fiduciary obligations, proximately caused harm to Plaintiffs.

271.     The harm proximately caused to Plaintiffs included both economic damages, such as the loss of ownership and control of Church assets and its income stream, as well as the costs associated with the need to rent an alternative place of worship for the conduct of religious services from September 25, 2015 to the present; and non-economic damages, including the infliction of emotional distress on Plaintiffs.

272.     Plaintiffs are each entitled to an award of compensatory damages for the breach of fiduciary duties from the Church in an amount to be proved at trial.

## COUNT XII
## BREACH OF FIDUCIARY DUTIES
### (Individual Defendants)

273.     Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 272, inclusive, as set forth above.

274.     At all relevant times the Individual Defendants who were members of the Committee, the Interim Board, the Current Board and the Clergy, in assuming control of the Church also assumed fiduciary duties owed to all members of the Church congregation,

52

including Plaintiffs.  Those duties included the duty to maintain the orderly conduct of religious services at the Church premises; to ensure that no member of the Church congregation was denied access to those premises for the purpose of participating in religious services or other religious observances; and to ensure that Church assets (including the Building Fund) were used in accordance with their designated and restrictive purposes.

275.   Despite their duty of loyalty to all those in the congregation, including the Plaintiffs, the acts and omissions of the Individual Defendants and their supporters and co-conspirators effectively denied access to the Church to Plaintiffs by acts of harassment, intimidation, and physical obstruction.

276.   Despite their duty of loyalty to all those in the congregation, including the Plaintiffs, the acts and omissions of the Individual Defendants in effectively denying Plaintiffs with access to or control over Church assets were in breach of the Church's fiduciary duties owed to Plaintiffs.

277.   The Individual Defendants knew or should have known that its acts and omissions were inconsistent with the fiduciary obligations that they had assumed to all members of the congregation, including the Plaintiffs.

278.   The acts and omissions of the Individual Defendants, in breach of those fiduciary obligations, proximately caused harm to Plaintiffs.

279.   The harm proximately caused to Plaintiffs included both economic damages, such as the loss of ownership and control of Church assets and its income stream, as well as the costs associated with the need to rent an alternative place of worship for the conduct of religious services from September 24, 2015 to the present; and non-economic damages, including the infliction of emotional distress on Plaintiffs.

280.    Plaintiffs are each entitled to an award of compensatory damages for the breach of fiduciary duties from the Individual Defendants, jointly and severally, in an amount to be proved at trial.

### COUNT XIII
### NEGLIGENCE

281.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 280, inclusive, as set forth above.

282.    At all relevant times, the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy, owed Plaintiffs a duty of ordinary care to impose and enforce reasonable measures to maintain the orderly conduct of religious services at the Church premises, and to ensure that no member of the Church congregation was denied access to those premises for the purpose of participating in religious services or other religious observances.

283.    In breach of this duty owed to all those in its congregation, including the Plaintiffs, the Church, acting through its agents the Committee, the Interim Board, the Current Board and the Clergy failed to control or supervise their supporters and co-conspirators, allowing those supporters to effectively deny access to the Church to Plaintiffs by acts of harassment, intimidation, and physical obstruction.

284.    The acts and omissions of the Church, acting through its agents the Committee, the Interim Board, the Current Board, the Clergy, in breach of the duty of care owed to Plaintiffs, proximately caused harm to Plaintiffs.

285.    The harm proximately caused to Plaintiffs included both economic damages, such as the loss of ownership and control of Church assets and its income stream, as well as the costs associated with the need to rent an alternative place of worship for the conduct of religious

services from September 25, 2015 to the present; and non-economic damages, including the infliction of emotional distress on Plaintiffs.

286.    Plaintiffs are each entitled to an award of compensatory damages for negligence from the Church and the Individual Defendants, jointly and severally, in an amount to be proved at trial.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant Church and the Individual Defendants, jointly and severally, and that Plaintiffs be awarded all damages allowed by law including compensatory damages, incidental and consequential damages, and statutory treble damages, and punitive damages in an amount not less than Ten Million Dollars ($10,000,000.00), plus attorneys' fees and costs of this suit, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

Alemework Ambellu, Abebaw Yigzaw, Abebech Melese, Abebech Robi, Abera Haile, Abraham Shiferaw, Adanech Solomon, Akelile Mitchel, Alem Yiman, Alemeshet Muluneh, Almaz Maco, Amare Tekle, Ayelech Giru, Ayelework Awoke, Ayen Alem Berhanu, Azmera Gebreyesus, Belaie Woldemichaell, Berhanu Woldesemayat, Beyenech Demssie, Bezunesh Tsegaye, Birtukan Besha, Birtukan Senke, Elfenesh Adera, Emwedish Bekele, Etaferahu Yirga, Ethiopia Gete, Ethiopia Taddese, Eyerusalem Dagnachew, Fanaye G/Kidan, Frehiwot Bekele, Getachew Metaferia, Girma Awlachew, Girma Tesema, Gregory Brauer, Hailu Gebreyes, Haimanot Amare, Haregewoin Kefyalew, Hirut Babu Ashenafi, Kefey Wole, Kibebe W/Yohannes, Kongite Tadesse, Loza Bekele, Markos Zelelew, Mebrat Buli, Medemdemia Bekele, Mesert Belay, Mesfin Habtu, Mestawot Bekele, Michael Astatkie, Negede Girma, Negeste Azeb Bekele, Neguissie Ashenafi, Paulos Amare, Raheal Mekuria, Rahel Debela, Samuel Abebe, Sebele Woldegebreal, Senait Ashenafi, Senedu Belachew, Shemeles Arega, Shewaye Habtemariam, Solomon Abraha, Solomon Meshesha, Solomon Tafesse, Takele Woldehiwot, Teguaded Kebede, Tekelemariam Tekelemariam, Temesgen Hailu, Tesfaye Yohannes, Tesfaye Moges, Teshome Ashenafi, Tigest Abreha, Tigist Ashenafi, Tirunesh Dagne,

Tiruwork Abebe, Tiruwork Tessema, Tsegaye Kebede, Tsegereda Gizaw, Wessen Debela, Woineshet Kebede,  Woldebirhan Negash, Workabeba Feleke, Woulita Seyoum, Wubayehu Kassa, Yeayneabeba Dagnachew, Yemesrach Asfaw, Yemwodish Tafesse, Yeshialem Mengistu, Yeshiembet Gebreyes, Yeshihreg Mulatu, Yetemwork Daba, Yezeraw Andargie, Yiheyis Yetemegne, Yohannes Girma, Yohannes Mulatu, Zenebech Tesfaye, and Zewditu Abeba,

Plaintiffs
By Counsel

JACKSON & CAMPBELL, P.C.

By:  */s/ Robert N. Kelly*

Robert N. Kelly, Bar No. 287276

Attorney for Plaintiffs
1120 20th Street, N.W.
Suite 300-South
Washington, D.C.  20036
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
Email: rkelly@jackscamp.com

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury as to all issues of fact raised herein.

*/s/ Robert N. Kelly*
Robert N. Kelly

56

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2018, I electronically filed the foregoing *First Amended Complaint* via the Court's CM/ECF system, and a copy will be served upon each defendant:

RE'ESE ADBARAT DEBRE SELAM KIDIST
MARIAM, THE ETHIOPIAN ORTHODOX
TEWHADO RELIGION CHURCH
c/o Tewodros Woldesemayat (R/A)
1350 Buchanan Street, N.W.
Washington, DC 20011

ABRAHAM HABTE SELASSIE
5822 Nystrom Street
New Carrollton, MD 20784

ADDISU ABEBE
7504 Huntsman Place
Clinton, MD 20735

AKLILU HABTE
9410 Corsica Drive
Bethesda, MD 20814

ALMAZ ZEWDE
10954 Rampart Way
Silver Spring, MD 20902

AMBACHEW DEMISSIE
7600 Maple Avenue, Apt. 509
Takoma Park, MD 20912

AMEHA DESTA
415 Silver Spring Avenue, Apt. 405
Silver Spring, MD 20910

BELAYNEH MENGESHA
11905 Sweet Shrub Circle
Clarksburg, MD 20871

BILILIGN MANDEFRO
6901 Rolling Creek Way
Alexandria, VA 22315

DIRES MASHO
2836 Schubert Drive
Silver Spring, MD 20904

FEKREYOHANNES K. HAILE
7444 Georgia Avenue, N.W.
Washington, DC 20012

GETACHEW DEGEFU
8671 Bent Arrow Court
Springfield, VA 22153

GIRMA ATNAFE
11405 Columbia Pike, Apt. C1
Silver Spring, MD 20904

GIRMA TIRUNEH
1435 Chapin Street, N.W., Apt. 106
Washington, DC 20009

GIRUM GETACHEW
1400 Aspen Street, N.W., # 303
Washington, DC 20012

HAILU ZELEKE LEBU
13810 Carter House Way
Silver Spring, MD 20904

MARTHA KASSA ENGIDA
11512 Bucknell Drive, Apt. 204
Silver Spring, MD 20902

MEKONNEN GIZAW
4512 Airlie Way, # A
Annandale, VA 22003

MERSIE EJIGU
9015 Edgepark Road
Vienna, VA 22182

METENU TESFA
6656 Georgia Avenue, N.W., Apt. 204
Washington, DC 20012

MOGES SEYOUM
5300 Holmes Run Parkway, Apt. 911
Alexandria, VA 22304

MULUNEH WOLDETSADIK
711 Keystone Park Drive
Morrisville, NC 27560

SERGOUT WORKU
3111 Arundel Road
Mt Rainier, MD 20712

TADELE G. WOLDE
1807 Featherwood Street, Apt. # M710
Silver Spring, MD 20904

TADESSE BEYENE
12630 Veirs Mill Road, Apt. T-16
Rockville, MD 20853

TADIOS ESHETE
1350 Buchanan Street, N.W.
Washington, DC 20011

TEKA MANAYE
a/k/a TEKA MANAYE MADA
6806 Red Top Road, Apt. 6
Takoma Park, MD 20912

TEMESGEN ASFAW KERSEMA
6377 Stagg Court
Springfield, VA 22150

TESFAYE MEKOYA ASSEGID
2239 Bachman Valley Road
Manchester, MD 22102

TEWODROS MULUGETA
12727 Robindale Drive
Rockville, MD 20853

WEREDE MEHRET
8302 Garland Avenue, Apt. 6
Takoma Park, MD 20912

WORKNEH HAILE
6376 Patience Court
Alexandria, VA 22315

ZELEALEM ANTENEH
1800 Avalon Place
Hyattsville, MD 20783

> /s/ Robert N. Kelly
> Robert N. Kelly